**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **DENICE LEE a/n/f JS, a toddler** | § | |
| | § | |
| *Plaintiffs* | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO.** |
| **DR. RICHARD SWITZER, individually,** | § | 5:18-cv-605 |
| **and COMMUNICARE HEALTH** | § | |
| **CENTER** | § | |
| | § | |
| *Defendants* | § | |
| | § | *JURY REQUESTED* |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW, Denice Lee ("Lee") a/n/f JS, a toddler, ("Plaintiff"), and files this Original Complaint against Dr. Richard Switzer ("Switzer") individually, and Communicare Health Center ("Communicare") (hereinafter collectively referred to as "Defendants"), and in support respectfully shows the Court as follows:

**PARTIES**

1.  JS is a minor toddler residing with his mother in San Antonio, Texas.

2.  Dr. Richard Switzer, MD, is a pediatrician that works at Communicare in its East Campus in San Antonio, Texas, located at 3066 E. Commerce Street, San Antonio, TX 78249.

3.  Communicare is a federal governmental health center with a campus in San Antonio, where Dr. Richard Switzer practiced medicine, located at 3066 E. Commerce Street, San Antonio, TX 78249. Communicare may be served with process through its registered agent, Ricardo Gonzalez, at 3066 E. Commerce Street, San Antonio, TX 78249.

Plaintiff's Original Complaint

## JURISDICTION

4. The Court has jurisdiction over this lawsuit under 28 U.S.C. §1346(b) because the suit involves a claim against the United States for injury caused by the negligent act and omissions of a government employee while acting within the scope of his office and employment.

## VENUE

5. Venue is proper in this Court under 28 U.S.C. §§1391(b)(2) and 1402(b) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## CONDITIONS PRECEDENT

6. All conditions precedent have been performed or occurred.

7. Plaintiff timely presented this claim in writing to the Department of Health. This suit is filed within six months after the agency's final written notice of its denial of the claim.

## RESPONDEAT SUPERIOR

8. Defendants are legally responsible to the Plaintiff for the acts and omissions of their employees, agents, servants, and representatives under the legal doctrines of respondeat superior, agency, and/or ostensible agency. As a result thereof, the Defendants are vicariously liable for all wrongful and illegal acts, omissions, and conduct of their employees, agents, servants, and representatives.

## MISNOMER/ALTER-EGO

9. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification", "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interests of justice.

Plaintiff's Original Complaint

## FACTS

10. Plaintiff, JS, was born on December 2, 2015 to Denice Lee and Kendall L Smith. Denice, the Plaintiff's mother, is deaf. Plaintiff's father had been diagnosed with bilateral retinoblastoma. Such a diagnosis is very significant because any child whose parent had bilateral retinoblastoma has a fifty percent (50%) chance of inheriting the tumors. It is standard medical practice that any child, whose parent had bilateral retinoblastoma, would need to be referred for an ophthalmologic examination as soon as practicable after birth.

11. Plaintiff's family informed their physicians, primary care providers, and Dr. Switzer of the family history of retinoblastoma. However, Switzer constantly reassured Plaintiff's mother that there was never any reason for further investigation and that Plaintiff was fine.

12. On December 11, 2015, December 16, 2015, February 10, 2016, and April 15, 2016 the Plaintiff underwent child checks at Communicare. In each of these visits a note was made in the record that red reflexes were present and symmetric bilaterally. At the April 15, 2016 appointment, Plaintiff's mother complained that the Plaintiff's eyes were turning outward. It was only at this time, at the end of this April appointment, that Plaintiff was finally referred out for ophthalmologic consultation.

13. On or about April 28, 2016, Plaintiff was diagnosed with bilateral retinoblastoma. Plaintiff now has had to undergo multiple rounds of intraarterial chemotherapy, cryo therapy, and laser treatments.

14. Plaintiff, now ridden with retinoblastoma, will have to undergo treatment for the remainder of his life and may still risk going completely blind. Plaintiff's mother, who is deaf, will always have to worry whether one day her child will no longer be able to see his mother.

Plaintiff's Original Complaint

## FEDERAL TORT CLAIMS ACT

15. The acts and omission by Defendants was wrongful and negligent. Specifically, Defendant were acting in the course and scope of their office and employment and had a duty to exercise ordinary medical care within the accepted standards of care, reasonably and prudently. Under the laws of the State of Texas, a physician would be liable to Plaintiff for the acts and omissions. Under 28 U.S.C §2674, the United States is liable to Plaintiff for his damages resulting from the personal injury and medical malpractice described below.

## CAUSE OF ACTION
### Negligence

16. Defendants, individually and/or by and through its agents, servants, representatives, and/or employees, acting in the course and scope of their employment, were negligent in their care and treatment of Plaintiff including, but not limited to, the following particulars:

    a. Upon knowing of the family history of retinoblastoma, Plaintiff should have been referred for ophthalmologic examination as soon as practicable after birth;

    b. Improperly performing, recording, and reading of Plaintiff's physical exams, showing that red reflex tests were performed on Plaintiff in December, February, and April and finding that the reflex tests were "normal"; as this finding is medically implausible that Plaintiff had normal reflex tests at each of the visits because the macular tumor that now exist with the baby would have been evident with a properly performed red reflex test;

    c. Delay in care to Plaintiff; and

    d. Such other acts and omissions of negligence as may be developed during the discovery of this matter and shown at the time of trial.

Plaintiff's Original Complaint

17. As a result of Defendants' negligence, the breaches in care caused subsequent delay in diagnosis which allowed for further tumor growth and subsequent damage to the retina and Plaintiff's ultimate visual outcome. Plaintiff has suffered pain and suffering, and will continue to suffer for the entirety of his life, and will be subject to significant costs of medical care for the rest of his future. These damages are within the jurisdictional limits of this Court.

## Gross Negligence/Exemplary Damages

18. Plaintiff further alleges that the acts and/or omissions of Defendants, directly and by and through their agents, servants, and employees, as described herein, were the result of Defendants' reckless disregard of Plaintiff's welfare and condition. That is, the Defendants' failure to properly manage care of Plaintiff, improper performance of procedure, when the Plaintiff and his mother had placed themselves in the Defendants' care which led to Plaintiff's physical limitations and blindness. By reason of Defendants' gross negligence, Plaintiff hereby seeks recovery of punitive/exemplary damages.

## RES IPSA LOQUITOR

19. The conditions and/or instrumentalities involved in the incident(s) complained of herein were under the management and control of the Defendants, and/or their agents, servants, and employees. The character of the events and circumstances causing the Plaintiff's' injuries would not ordinarily occur in the absence of negligence and, under these circumstances, the Defendants' negligence must be inferred under the Doctrine of Res Ipsa Loquitor as the doctrine is understood by law.

## DAMAGES

20. Plaintiff incorporates Paragraphs 1 through 19 by reference.

Plaintiff's Original Complaint

21. As a direct and proximate result of the acts and omissions outlined above, the Plaintiff has been severely damaged. Defendants' conduct caused physical pain and loss, economic losses, loss of consortium, future medical expenses, future care, as well as emotional distress, mental anguish, and trauma.

22. Plaintiff seeks compensatory damages in an amount deemed sufficient by the trier of fact to compensate them for the following damages:

    a.  Medical, hospital, and pharmaceutical charges and expenses in the past;

    b.  Medical, hospital, and pharmaceutical charges and expenses thuat, in reasonable medical probability, will be incurred in the future;

    c.  Past, present, and future mental anguish;

    d.  Pain and suffering in the past;

    e.  Pain and suffering that, in reasonable probability, will be suffered in the future;

    f.  Loss of consortium;

    g.  Disability and impairment in the past;

    h.  Disability and impairment that, in reasonable probability, will occur in the future;

    i.  Loss of future wages;

    j.  Loss of use; and

    k.  Disfigurement.

23. Plaintiff has suffered damages from Defendants' wrongful conduct described herein. Accordingly, Plaintiff is seeking damages of $20,000,000.00.

## JURY DEMAND

24. Plaintiff respectfully requests a trial by jury.

Plaintiff's Original Complaint

## **PRAYER**

For these reasons, Plaintiff seeks judgment against Defendants for:

a. compensatory and actual damages in an amount deemed sufficient by the trier of

fact;

b. costs of court;

c. interest allowed by law for prejudgment and/or post-judgment interest; and

d. such other and further relief, both general and special, at law or in equity, to which

Plaintiff may show himself to be justly entitled.

Respectfully submitted,

PARANJPE & MAHADASS LLP
By: */s/ Tej R. Paranjpe*
Tej R. Paranjpe
Texas State Bar No. 24071829
LEAD COUNSEL

Benjamin H. Ruemke
(Admission to Western District Pending)
Texas State Bar No. 24079250

3701 Kirby Drive, Suite 530
Houston, Texas 77098
(832) 667-7700 (Telephone)
(832) 202-2018 (Facsimile)
tparanjpe@pandmllp.com
bruemke@pandmllp.com

Plaintiff's Original Complaint